FILED
U.S. DISTRICT COURT
IV.
2011 JUL -6 AM 9:43
CLERK R Clerk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KENNETH T. NEWSOME, II,

    Plaintiff,

v.

CHERRYL AMBROSE; KATHY
MARTIN; SANDRA MOORE;
Officer PALMER; Officer ROBINSON;
D. W. JOHNSON; STANLEY
WILLIAMS; SHAWN SIKES;
Ms. HOLLOWAY, Media Resource
Specialist; Nurse GRUBBS; and
Officer CHAMBLISS,

    Defendants.

CIVIL ACTION NO.: CV611-043

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Macon State Prison in Oglethorpe, Georgia, filed an action, as amended, pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as strikes under § 1915(g): (1) Newsome v. Terry, CV507-327 (M.D. Ga. Feb. 2, 2009) (appeal dismissed as frivolous); (2) Newsome v. Chatham Co. Detention Ctr., CV405-77 (S.D. Ga. July 16, 2009) (appeal dismissed as being frivolous); and (3) Newsome v. Smith, CV407-136 (S.D. Ga. Feb. 29, 2008) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff asserts that he was assaulted by another inmate during a transport in February 2011, even though he informed officers that this inmate had assaulted him at another prison and had threatened him. Plaintiff contends that he has had false disciplinary charges filed against him and had his property, including his money, taken from him. Plaintiff also contends that he has filed several grievances and has not received any responses to his grievances, or, alternatively, he has not been given grievance forms despite his many requests. Plaintiff alleges that he has been denied

2

AO 72A
(Rev. 8/82)

access to the courts, as well. Plaintiff asserts that he experienced chest pains and difficulty breathing in April 2011. Finally, Plaintiff states that he was subjected to an excessive use of force.

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint on May 6, 2011, or at any time. Accordingly, the Court **VACATES** its May 9, 2011, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this ___1st___ day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)